FILED'05 OCT 07 12:44USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


EDUARDO MARTINEZ CEDILLO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CR 01-416-BR
(CV 04-591-BR)

OPINION AND ORDER


EDUARDO MARTINEZ CEDILLO
No. 65633-065(B-109)
P.O. Box 3007
FCI Terminal Island, CA 90731

    Petitioner, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
JOHNATHAN S. HAUB
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Respondent

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Petitioner Eduardo Martinez Cedillo's Motion to Dismiss for Void Judgment (#235). For the reasons that follow, the Court **DENIES** Petitioner's Motion.

**BACKGROUND**

I. **Petitioner's Plea Agreement and Sentence**.

On May 16, 2002, pursuant to a Plea Agreement with the government, Petitioner entered a guilty plea to the charge of Possession with Intent to Distribute Cocaine, Cocaine Base, and Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

In the Plea Petition, Petitioner acknowledged the following conditions:

> If the facts are that I knowingly possessed with intent to deliver more than 50 grams of actual amphetamine, I know the maximum sentence which can be imposed upon me for the crime to which I am pleading guilty is: life imprisonment and a fine of $4,000,000.
>
> I also know there is a mandatory minimum sentence of ten years imprisonment.
>
> If the facts are that I knowingly possessed with intent to deliver more than 500 grams of cocaine I know the maximum possible sentence which can be imposed upon me for the crime to which I am pleading guilty is: forty years imprisonment and a fine of $2,000,000. I also know there is a mandatory minimum of five years.

2 - OPINION AND ORDER

In the Plea Agreement, the government explicitly stated its belief that Petitioner was exposed to three separate mandatory minimum sentences depending on the quantity of drugs for which he would be held accountable arising from Petitioner's relevant conduct. In particular, the government stated its belief that Petitioner was subject to a relevant-conduct determination sufficient to trigger a Base Offense Level of 34 and a ten-year mandatory minimum sentence. Although the Plea Agreement reflects Petitioner is not bound by the government's base offense level projections, the Plea Agreement provides Petitioner "must accept the judgment of the court on the issue of relevant conduct without appeal."

In return for Petitioner's guilty plea to the count of conviction, the government agreed to dismiss a pending illegal reentry count and agreed not to charge Petitioner with being a felon in possession of a firearm or to seek other penalty enhancements.

On August 7, 2002, the Court held a hearing to determine Petitioner's relevant conduct for purposes of sentencing. As noted in the Plea Agreement, the Court's finding as to relevant conduct (*i.e.*, the quantity of drugs attributable to Petitioner) would determine whether Petitioner's sentence would be based on an offense punishable by a mandatory minimum sentence of five years and a maximum sentence of 40 years, which would be a Base

Offense Level of 28 under the United States Sentencing Guidelines, or an offense punishable by a mandatory minimum sentence of ten years and a maximum sentence of life, which would be a Base Offense Level of 34 under the Sentencing Guidelines. The Court found Petitioner's relevant conduct (201.3 grams of methamphetamine, 23.7 grams of cocaine base, and 1,987 grams of cocaine attributable to Petitioner) gave rise to a sentence calculated initially at a Base Level Offense of 34.

On November 18, 2002, the Court sentenced Petitioner to a prison term of 121 months based on a Total Offense Level of 31 (after reducing the Base Offense Level of 34 by 3 for acceptance of responsibility) and a Criminal History Category of II. Under the Sentencing Guidelines, a Total Offense Level of 31 mandated a range of imprisonment of 121-51 months. Judgment was entered November 19, 2002. On January 13, 2003, an Amended Judgment was entered.

Although Petitioner filed a Notice of Appeal, the Ninth Circuit Court of Appeals granted Petitioner's motion to dismiss the appeal on February 20, 2003.

II.  **Petitioner's Motions to Vacate Sentence**.

On June 25, 2003, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that (1) his sentence should have been based on a Total Offense Level of 25 because the Total Offense Level was enhanced by "flawed" findings of fact

that were not decided by the Court or a jury beyond a reasonable doubt and (2) he was deprived of his Sixth Amendment right to effective assistance of counsel at the time of sentencing because his counsel misled him regarding the statutory mandatory minimum sentence to which he was exposed. Petitioner's Motion was based primarily on *Apprendi v. New Jersey* in which the Supreme Court held, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

On June 24, 2004, the Supreme Court clarified *Apprendi* in *Blakely v. Washington* and held

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant. . . .* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S. Ct. 2531, 2537 (2004)(internal citations omitted; emphasis in original).

On August 13, 2004, following the *Blakely* decision, Petitioner filed a Supplemental Motion to Vacate in which he argued his Sixth Amendment right to a jury trial was violated by the enhancement of his sentence based on factors not decided by a jury beyond a reasonable doubt.

On January 12, 2005, the Court denied Petitioner's Motion to

5 - OPINION AND ORDER

Set Aside and/or Correct Sentence and Petitioner's Supplemental Motion to Set Aside and/or Correct Sentence. The Court concluded Petitioner was not denied his Sixth Amendment right to effective assistance of counsel at sentencing and concluded Petitioner's Sixth Amendment right to trial by jury was not violated based on *Blakely* because *Blakely* is not retroactive.

Petitioner filed a Notice of Appeal. The Ninth Circuit, however, denied Petitioner's request for a Certificate of Appealability and dismissed the appeal.

### DISCUSSION

On August 15, 2005, Petitioner filed the Motion to Dismiss now before the Court on the grounds that (1) this Court did not have standing "to bring criminal charge[s] against" Petitioner and (2) the time limitation of the Antiterrorism and Effective Death Penalty Act (AEDPA) "violate[s] the First Amendment's prescription: 'Congress shall make no law prohibiting the right of the people to petition the Government for redress of Grievances.'"

**I. Petitioner's Motion to Dismiss for Void Judgment Is Not Timely.**

Fed. R. Civ. P. 60(b)(6) provides: "On motions and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason justifying relief from the operation

6 - OPINION AND ORDER

of the judgment." Motions to set aside judgment are "properly governed by [Fed. R. Civ. P.] 59(e), and would therefore be untimely if filed more than ten days after the order granting (or denying a § 2255 motion." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).

The Court entered the Opinion and Order denying Petitioner's Motion to Set Aside and/or Correct Sentence pursuant to § 2255 on January 12, 2005. Petitioner did not file his Motion to Dismiss for Void Judgment until August 15, 2005.

Accordingly, the Court concludes Petitioner did not file the Motion to Dismiss for Void Judgment pursuant to Fed. R. Civ. P. 60(b)(6) within the time required by Fed. R. Civ. P. 59(e).

**II. Even If Petitioner's Motion Was Timely, It Is Without Merit.**

Petitioner asserts he is "justif[ied] relief from the operation of the judgment" because (1) the Court lacked standing to bring charges against Petitioner and (2) the AEDPA "violate[s] the First Amendment's prescription: 'Congress shall make no law prohibiting the right of the people to petition the Government for redress of Grievances.'"

**A. Petitioner's Standing Argument Lacks Merit.**

Petitioner argues the United States cannot show an injury-in-fact to give it standing to bring charges against Petitioner because the United States "is not a flesh and blood entity capable of 'injury in fact.'" Petitioner further contends

7 - OPINION AND ORDER

even if the United States could suffer an injury-in-fact, the remedy sought by the government (imprisonment of Petitioner) is not a remedy because it "only further injures the implied victim - society."

The Court finds Petitioner's arguments are plainly without merit and are not a basis to vacate the Judgment.

**B.   The AEDPA Does Not Violate the First Amendment in this Case.**

Petitioner alleges the AEDPA violates Petitioner's First Amendment right to redress the government by limiting his access to the courts because the AEDPA limits the time in which Petitioner may file a § 2255 petition.

Prisoners have a constitutional right of access to the courts to challenge convictions. *Lewis v. Casey* 518 U.S. 343, 350 (1996). *See also Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)(First Amendment right to petition government for redress of grievances includes right of access to courts). The right of access to the courts is limited, however, to the initiation of a court action and does not include "a right" to litigate successfully or effectively after the prisoner is in court. *See Lewis*, 518 U.S. at 354. The AEDPA time limitation does not prevent a prisoner, and did not prevent Petitioner in this case, from filing a habeas action in federal court.

Accordingly, the Court concludes the AEDPA time limitations did not violate Petitioner's First Amendment right to

8 - OPINION AND ORDER

access the courts.

## CONCLUSION

For these reasons, the Court **DENIES** Petitioner Eduardo Martinez Cedillo's Motion to Dismiss for Void Judgment (#235).

IT IS SO ORDERED.

DATED this 6th day of October, 2005.

 _____
 ANNA J. BROWN
 United States District Judge

Cedillo CR 01-416 ORO.10-10-05.wpd