IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


EDUARDO MARTINEZ CEDILLO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

01-CR-416-BR
(04-CV-591-BR)

OPINION AND ORDER

**EDUARDO MARTINEZ CEDILLO**
No. 65633-065(B-109)
P.O. Box 3007
FCI Terminal Island, CA 90731

    Petitioner, *Pro Se*

**KARIN J. IMMERGUT**
United States Attorney
**JOHNATHAN S. HAUB**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Respondent

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Petitioner Eduardo Martinez Cedillo's Motion for Reconsideration (#240). For the reasons that follow, the Court **GRANTS** Petitioner's Motion for Reconsideration and, having reconsidered the merits of Petitioner's arguments, the Court **DENIES** Petitioner's request for the Court to alter or to amend its prior opinions and orders.

## BACKGROUND

1.  **Petitioner's Plea Agreement and Sentence.**

On May 16, 2002, pursuant to a Plea Agreement with the government, Petitioner entered a guilty plea to the charge of Possession with Intent to Distribute Cocaine, Cocaine Base, and Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). In return for his guilty plea to the count of conviction, the government agreed to dismiss a pending illegal reentry count and agreed not to charge Petitioner with being a felon in possession of a firearm or to seek other penalty enhancements.

In the Plea Petition, Petitioner acknowledged the following:

> If the facts are that I knowingly possessed with intent to deliver more than 50 grams of actual amphetamine, I know the maximum sentence which can be imposed upon me for the crime to which I am pleading guilty is: life imprisonment and a fine of $4,000,000.

> I also know there is a mandatory minimum
> sentence of ten years imprisonment.
> If the facts are that I knowingly possessed
> with intent to deliver more than 500 grams of
> cocaine I know the maximum possible sentence
> which can be imposed upon me for the crime to
> which I am pleading guilty is: forty years
> imprisonment and a fine of $2,000,000. I
> also know there is a mandatory minimum of
> five years.

In the Plea Agreement, the government explicitly stated its belief that Petitioner was exposed to three separate mandatory minimum sentences depending on the quantity of drugs for which he would be held accountable as relevant conduct. In particular, the government stated its belief that Petitioner was subject to a relevant conduct determination sufficient to trigger a Base Offense Level of 34 and a ten-year mandatory minimum sentence.

Although the Plea Agreement reflects Petitioner is not bound by the government's base offense projections, the Plea Agreement provides Petitioner "must accept the judgment of the court on the issue of relevant conduct without appeal."

On August 7, 2002, the Court held a hearing to determine Petitioner's relevant conduct for purposes of sentencing. As noted in the Plea Agreement, Petitioner agreed the Court's finding as to relevant conduct (*i.e.*, the quantity of drugs attributable to Petitioner) would determine whether Petitioner's sentence would be based on an offense punishable by a mandatory minimum sentence of five years and a maximum sentence of 40 years, which would be a Base Offense Level of 28 under the United

States Sentencing Guidelines or an offense punishable by a mandatory minimum sentence of ten years and a maximum sentence of life, which would be a Base Offense Level of 34 under the Sentencing Guidelines. Following the hearing, the Court found Petitioner's relevant conduct (201.3 grams of methamphetamine, 23.7 grams of cocaine base, and 1,987 grams of cocaine attributable to Petitioner) resulted in a sentence calculated initially at a Base Offense Level of 34.

On November 18, 2002, the Court sentenced Petitioner to a prison term of 121 months based on a Total Offense Level of 31 (after reducing the Base Offense Level of 34 by 3 for acceptance of responsibility) and a Criminal History Category of II. Under the Sentencing Guidelines, a Total Offense Level of 31 mandates a range of imprisonment of 121-151 months. Judgment was entered November 19, 2002. On January 13, 2003, an Amended Judgment was entered.

Although Petitioner filed a Notice of Appeal, the Ninth Circuit Court of Appeals granted Petitioner's motion to dismiss the appeal on February 20, 2003.

## 2. **Petitioner's Motion to Vacate Sentence.**

Petitioner moved pursuant to 28 U.S.C. § 2255 to vacate his sentence on the grounds that (1) his sentence should have been based on a Total Offense Level of 25 because the Total Offense Level was enhanced by "flawed" findings of fact that were not

decided by the Court or a jury beyond a reasonable doubt and (2) he was deprived of his Sixth Amendment right to effective assistance of counsel at the time of sentencing because his counsel misled him regarding the statutory mandatory minimum sentence to which he was exposed.

Petitioner's original Motion was based primarily on *Apprendi v. New Jersey* in which the Court held "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

On June 24, 2004, the Supreme Court clarified *Apprendi* in *Blakely v. Washington* and held

> the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S. Ct. 2531, 2537 (2004)(internal citations omitted; emphasis in original).

On August 13, 2004, following the *Blakely* decision, Petitioner filed a Supplemental Motion to Vacate in which he argued his Sixth Amendment right to a jury trial was violated by the enhancement of his sentence based on factors not decided by a jury beyond a reasonable doubt. Petitioner asserted (1) trial

5 - OPINION AND ORDER

counsel provided ineffective assistance when she advised him to enter a guilty plea and (2) the Court illegally increased the calculation of his sentence when it determined Petitioner's relevant conduct by a preponderance of the evidence rather than allowing a jury to determine Petitioner's relevant conduct beyond a reasonable doubt.

On January 12, 2005, the Court denied Petitioner's Motions. The Court held Petitioner was not denied his Sixth Amendment right to effective assistance of counsel, Petitioner was not entitled to an order vacating his sentence on the basis of *Apprendi* or *Blakely*, and Petitioner was not entitled to an evidentiary hearing.

Petitioner filed a Notice of Appeal. The Ninth Circuit, however, denied Petitioner's request for a Certificate of Appealability and dismissed the appeal.

### 3. Petitioner's Motion to Dismiss

On August 15, 2005, Petitioner filed a Motion to Dismiss on the grounds that (1) this Court did not have standing "to bring criminal charge[s] against" Petitioner and (2) the time limitation of the Antiterrorism and Effective Death Penalty Act (AEDPA) "violate[s] the First Amendment's prescription: 'Congress shall make no law prohibiting the right of the people to petition the Government for redress of Grievances.'"

On October 7, 2005, the Court denied Petitioner's Motion to Dismiss. The Court held Petitioner's Motion to Dismiss was not timely, Petitioner's standing argument lacked merit, and the AEDPA did not violate the First Amendment in this case.

On November 3, 2005, Petitioner filed the Motion for Reconsideration now before this Court.

## DISCUSSION

In his Motion for Reconsideration, Petitioner merely reiterates his previous arguments regarding the ADEPA, his Sixth Amendment rights, and the untimeliness of his prior Motions to Vacate. The Court has thoroughly addressed these arguments in its prior opinions and adheres to the conclusions reached in those opinions. The Court, therefore, declines to amend its prior decisions.

## CONCLUSION

For these reasons, the Court **GRANTS** Petitioner Eduardo Martinez Cedillo's Motion for Reconsideration (#240) and, having reconsidered the merits of Petitioner's arguments, the Court **DENIES** Petitioner's request for the Court to alter or to amend

its prior opinions and orders.

    IT IS SO ORDERED.

    DATED this 10th day of January, 2006.

                                    /s/ Anna J. Brown
                                    ANNA J. BROWN
                                    United States District Judge