FILED'09 MAY 27 16:06USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,, | 01-CR-416-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| EDUARDO MARTINEZ CEDILLO | |
| Defendant. | |

**KARIN J. IMMERGUT**
United States Attorney
**KELLY A. ZUSMAN**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

        Attorneys for Plaintiff

**EDUARDO MARTINEZ CEDILLO**
No. 65633-065(B-109)
P.O. Box 3007
FCI Terminal Island, CA 90731

        Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#252) for a Reduction in Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court **DENIES** Defendant's Motion.

<u>**BACKGROUND**</u>

On May 16, 2002, Defendant Eduardo Martinez Cedillo pled guilty to Possession with Intent to Distribute Cocaine, Cocaine Base, and Methamphetamine in violation of 21 U.S.C. § 841(a)(1)(A).

Because the offense involved three different kinds of drugs, the Presentence Investigation Report (PSR) converted all of the drugs to marijuana equivalents as follows: 201.3 grams of actual methamphetamine, which had a marijuana equivalent of 4,026 kilograms; 2,017.4 net weight grams of cocaine, which had a marijuana equivalent of 403.48 kilograms; and 23.7 grams of cocaine base, which had a marijuana equivalent of 474 kilograms. Based on the total marijuana equivalents and after a two-level enhancement for possession of a firearm under United States Sentencing Guideline (U.S.S.G.) § 2D1.1(b)(1) and a three-level reduction for acceptance of responsibility under § 3E1.1, Defendant's total offense level was calculated in the PSR at

2 - OPINION AND ORDER

level 33.  At total offense level 33 and criminal history category II, the advisory Sentencing Guideline range was calculated in the PSR at 151-188 months.  The PSR recommended a sentence of 151 months.  The government agreed with the calculations in the PSR.

On November 18, 2002, the Court held a sentencing hearing. On that date, the Court entered a Judgment sentencing Defendant to a term of 121 months imprisonment to be followed by five years of supervised release.

In its Statement of Reasons, the Court adopted the PSR as to the three-level reduction for acceptance of responsibility and the conversion of the drugs to marijuana equivalents totaling 4,903.48 kilograms.  The Court, however, did not adopt the PSR as to the two-level enhancement for possession of a firearm.  This resulted in a total offense level of 31, a criminal history category of II, and an advisory Sentencing Guideline range of 121-151 months.

Judgment was entered November 19, 2002.  On January 13, 2003, an Amended Judgment was entered.

Although Defendant filed a Notice of Appeal, the Ninth Circuit Court of Appeals granted Defendant's motion to dismiss the appeal on February 20, 2003.

On June 25, 2003, Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds of (1) "flawed"

3 - OPINION AND ORDER

findings of fact and (2) ineffective assistance of counsel.  On August 13, 2004, Defendant filed a Supplemental Motion to Vacate in which he argued his Sixth Amendment right to a jury trial was violated by the enhancement of his sentence based on factors not decided by a jury beyond a reasonable doubt.

On January 12, 2005, the Court denied Defendant's Motions and held he was not denied effective assistance of counsel, he was not entitled to an order vacating his sentence, and he was not entitled to an evidentiary hearing.

Defendant filed a Notice of Appeal.  The Ninth Circuit, however, denied Defendant's request for a Certificate of Appealability and dismissed the appeal.

On August 15, 2005, Defendant filed a Motion to Dismiss on the grounds that (1) this Court did not have standing "to bring criminal charge[s] against" Defendant and (2) the time limitation of the Antiterrorism and Effective Death Penalty Act (AEDPA) violates the First Amendment.

On October 7, 2005, the Court denied Defendant's Motion to Dismiss on the grounds that it was not timely, Defendant's standing argument lacked merit, and the AEDPA did not violate the First Amendment in this case.

On November 3, 2005, Defendant filed a Motion for Reconsideration, which the Court denied on January 10, 2006.

On February 6, 2009, Defendant filed a Motion for a

4  - OPINION AND ORDER

Reduction in Term of Imprisonment Pursuant to 18 U.S.C.
§ 3582(c)(2) based on recent changes in the advisory Sentencing
Guidelines concerning crack cocaine offenses.

## DISCUSSION

As noted, Defendant moves to reduce his sentence based on
changes in the advisory Sentencing Guidelines concerning crack
cocaine.

## I.    Changes in advisory Sentencing Guidelines

A district court may retroactively reduce the term of
imprisonment of a defendant "based on a sentencing range that has
subsequently been lowered by the Sentencing Commission."  18
U.S.C. § 3582(c)(2).  "Whether to reduce a sentence under
§ 3582(c)(2) is a discretionary decision."  *United States v.*
*McDougherty*, No. CR 88-00504 MMM, 2008 WL 752597, at *3 (C.D.
Cal. Mar. 18, 2008)(citing 18 U.S.C. § 3582(c)(2)).  *See also*
*United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996)
("[T]he decision whether to reduce a sentence under § 3582 is
within the discretion of the district court judge."); *United*
*States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993)("Courts have
discretion to reduce a previously imposed term of imprisonment
when the Sentencing Commission reduces the sentencing range, and
the reduction is 'consistent with applicable policy statements
issued by the Sentencing Commission.'").

5 - OPINION AND ORDER

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the advisory Sentencing Guidelines to address the disparities between sentences based on crack and powder cocaine.  Amendment 706 altered the drug-quantity table in U.S.S.G. § 2D1.1(c) and lowered the ratio between crack and powder cocaine offenses, which resulted in lower offense levels for defendants facing sentencing for crack cocaine offenses than they would have faced before the Amendment.  Thus, Amendment 706 qualifies as a reduction for which the Court may, in its discretion, retroactively reduce a term of imprisonment. U.S.S.G. § 1B1.10(c).

Although § 1B1.10(a)(1) permits a retroactive reduction in sentence if "the guideline range applicable to [ ] defendant has been . . . lowered as a result of an amendment to the Guidelines Manual listed in subsection c," § 1B1.10(a)(2)(B) provides a reduction in a defendant's sentence is not authorized when the amendment in question (Amendment 706 in this case) "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B).  In addition, Application Note 1(A) provides a reduction under § 3582(c)(2) is not authorized when

> "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline* or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)."

6 - OPINION AND ORDER

*United States v. Moore*, Nos. 08-11230, 08-11341, 08-11484, 08-11526, 08-13132, 2008 WL 4093400, at *4 (11th Cir. Sept. 5, 2008) (quoting U.S.S.G. § 1B1.10, comment 1(A))(emphasis in *Moore*). The issue here, therefore, is whether Defendant was sentenced "based on" a marijuana advisory Sentencing Guideline range (a range that has not been lowered by the Sentencing Commission and is not lowered by Amendment 706) or sentenced "based on" § 2D1.1.

## II. Analysis

Defendant asserts his sentence was based on the provisions in § 2D1.1, which have been amended. The record, however, does not support Defendant's assertion. The Court's Statement of Reasons, the Plea Agreement, and the PSR are unequivocal: The various drugs involved in Defendant's sentence were converted to marijuana equivalents and Defendant was sentenced within the advisory Sentencing Guideline ranges applicable to marijuana equivalents. Section 2D1.1 did not govern the calculation of Defendant's base offense levels nor Defendant's sentence.

In addition, the Court determined Defendant's sentence based primarily on the amount of methamphetamine, rather than the amount of cocaine, for which Defendant was held accountable.

Finally, even if the Court calculated the marijuana equivalents using the 2007 amendments to the Sentencing Guidelines, the marijuana equivalents still would have resulted

in a base offense level of 34.

The Court, therefore, concludes Amendment 706 does not have the effect of lowering Defendant's applicable advisory Sentencing Guideline range because of the operation of § 4B1.1, *see Moore*, 2008 WL 4093400, at *3, and, accordingly, the Court does not have the authority to reduce Defendant's sentence at this stage.

Consequently, the Court denies Defendant's Motion for a Reduction in Term of Imprisonment.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#252) for a Reduction in Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

DATED this 27th day of May, 2009.


ANNA J. BROWN
United States District Judge

8  - OPINION AND ORDER